The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, Arkansas 72110
Dear Senator Gordon:
This is in response to your request for an opinion on whether the Shirley School District can borrow money from a local bank, payable through the issuance of post-dated warrants funded by future District revenues, for the purpose of paying outstanding indebtedness to the Arkansas Department of Education for a revolving loan issued the District.
It is my opinion that the answer to your question is "no."
You have not indicated in your request the amount of the revolving loan, the purpose for which it was issued, the security pledged for the loan, or its current status (that is, whether the loan is current, or in default). I cannot, therefore, offer a conclusive response with regard to this specific loan without being apprised of all the facts. I can, however, opine on the general legality of a school district borrowing bank funds and issuing post-dated warrants to pay off a revolving loan from the Arkansas Department of Education.
As you have noted, A.C.A. 6-20-402 authorizes school districts to issue post-dated warrants for specific enumerated purposes, including the purchase of equipment, school buses, and for the repair and renovation of school facilities. Otherwise, subsection (a) provides that the amount of obligations incurred by a school district for any school fiscal year shall not exceed the revenue receipts of the district for that year. It has been held that this provision does not repeal the power of a school district to borrow money and pay interest therefor to finance current expenses, but it did repeal the power to borrow from the next years revenue. (Except as otherwise authorized.) Jenson v. Special School District No. 6, 199 Ark. 886, 136 S.W.2d 169 (1940). As you have noted, the repayment of indebtedness is not one of the specifically authorized purposes for which school districts may issue post-dated warrants payable from future years revenues. I cannot conclude, therefore, that the Shirley School District may issue post-dated warrants for such purpose.
Additionally, it does not appear that anything in the statutes governing the issuance of revolving loans by the Department of Education would authorize the issuance of post-dated warrants to pay off such loans. (Although it appears the converse is authorized, i.e., outstanding post-dated warrants may be paid with the proceeds of a revolving loan. See A.C.A. 6-20-802(1) (Repl. 1993)).
Finally, nothing in the provisions governing the issuance of school district bonds to finance construction of school facilities appears to authorize the issuance of bonds or other evidences of indebtedness to repay outstanding indebtedness. See generally, A.C.A. 6-20-1201 (Repl. 1993), and 6-20-1402 (Repl. 1993).
It is therefore my opinion that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:ECW/cyh